## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____

| | | |
|---|---|---|
| **KEVIN SIZER ,** | : | |
| 1027 Wakeling Street | : | |
| Philadelphia, PA 19124 | : | |
| | : | |
| **Plaintiff,** | : | CIVIL ACTION NO._____ |
| | : | |
| **v.** | : | |
| | : | **COURT OF COMMON PLEAS** |
| **THE CITY OF PHILADELPHIA,** | : | **PHILADELPHIA COUNTY** |
| **(DEPARTMENT OF PRISONS)** | : | |
| 7901 State Road | : | **June Term, 2021** |
| Philadelphia, PA 19136 | : | **Case No. 02488** |
| | : | |
| **Defendant.** | : | |

_____

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of
Pennsylvania:**

　　Pursuant to 28 U.S.C. § 1441, Defendant, the City of Philadelphia (Philadelphia Police
Department) (hereinafter "petitioner"), through its counsel, Nicole S. Morris, Chief Deputy City
Solicitor, respectfully petitions for the removal of this action to the United States District Court
for the Eastern District of Pennsylvania.  In support thereof, defendant states the following:

1. On July 1, 2021, Plaintiff initiated this action by filing a Complaint in the Court of
   Common Pleas of Philadelphia, June Term, 2021 Case Id No. 024885. <u>See</u> Exhibit A,
   Plaintiff's Complaint.

2. On July 2, 2021 the Complaint was sent to Petitioner via email at
   <u>City_Closure_Complaints@phila.gov</u>. <u>See</u> Exhibit B, Plaintiff's Affidavit of Service

3. In his Complaint, plaintiff alleges that defendants violated his rights protected by federal
   law under 42 U.S.C § 1983 and 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act
   (FLSA).  <u>See</u> Exhibit A, ¶¶ 3, 54, 75-82.

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 because plaintiff's
   Complaint contains allegations of violations of her Federal Rights under 42 U.S.C. § 1983

and the FLSA.  <u>See</u> Exhibit A, Count I, Count II and Count III.

**Wherefore,** petitioner, the City of Philadelphia, respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Date:  July 9, 2021

_____
Nicole S. Morris
Chief Deputy City Solicitor
Attorney I.D. No. 88265
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
215-847-9019

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____

| | | |
|---|---|---|
| **KEVIN SIZER,** | : | |
| 1027 Wakeling Street | : | |
| Philadelphia, PA 19124 | : | |
| | : | |
| **Plaintiff,** | : | CIVIL ACTION NO._____ |
| | : | |
| **v.** | : | |
| | : | **COURT OF COMMON PLEAS** |
| **THE CITY OF PHILADELPHIA,** | : | **PHILADELPHIA COUNTY** |
| **(DEPARTMENT OF PRISONS)** | : | |
| 7901 State Road | : | **June Term, 2021** |
| Philadelphia, PA 19136 | : | **Case No. 02488** |
| | : | |
| **Defendant.** | : | |

_____

### NOTICE OF FILING OF REMOVAL

TO:     Timothy Creech, Esq.
        Creech & Creech, LLC
        1835 Market St., Suite 2626
        Philadelphia, PA 19103

PLEASE TAKE NOTICE THAT on July 9, 2021, Defendant the City of Philadelphia (Philadelphia Department of Prisons) filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).


Date:  July 9, 2021

                                        _____
                                        Nicole S. Morris, Esq.
                                        Chief Deputy City Solicitor
                                        Attorney I.D. No. 88265
                                        City of Philadelphia Law Department
                                        215-847-9019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **KEVIN SIZER,** | : | |
| 1027 Wakeling Street | : | |
| Philadelphia, PA 19124 | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO._____** |
| | : | |
| **v.** | : | |
| | : | **COURT OF COMMON PLEAS** |
| **THE CITY OF PHILADELPHIA,** | : | **PHILADELPHIA COUNTY** |
| **(DEPARTMENT OF PRISONS)** | : | |
| 7901 State Road | : | **June Term, 2021** |
| Philadelphia, PA 19136 | : | **Case No. 02488** |
| | : | |
| **Defendant.** | : | |

_____

## CERTIFICATE OF SERVICE

I, Nicole S. Morris, Chief Deputy City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal and attachments have been served upon the following by electronic mail on the date indicated below:

TO:    Timothy Creech, Esq.
       Creech & Creech, LLC
       timothy@attorneycreech.com

Date:  July 9, 2021

_____
Nicole S. Morris
Chief Deputy City Solicitor
Attorney I.D. No. 88265
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
215-847-9019

4

Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **JUNE 2021** 002488 |
| | E-Filing Number: 2107001123 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KEVIN SIZER | CITY OF PHILADELPHIA (DEPARTMENT OF PRISONS) |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1027 WAKELING ST. PHILADELPHIA PA 19124 | 7901 STATE RD. PHILADELPHIA PA 19136 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal  ☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less  ☒ More than $50,000.00 | ☐ Arbitration  ☐ Jury  ☒ Non-Jury  ☐ Other: | ☐ Mass Tort  ☐ Savings Action  ☐ Petition | ☐ Commerce  ☐ Minor Court Appeal  ☐ Statutory Appeals | ☐ Settlement  ☐ Minors  ☐ W/D/Survival |

CASE TYPE AND CODE

1E - EMPLOYMENT, WRONGFUL DISCHARGE

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED PRO PROTHY**

JUL **01** 2021

**S. RICE**

IS CASE SUBJECT TO COORDINATION ORDER?
YES        NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: KEVIN SIZER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| TIMOTHY P. CREECH | CREECH & CREECH LLC 1835 MARKET ST., SUITE 2626 PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)575-7618 | (215)575-7688 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 81728 | timothy@attorneycreech.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| TIMOTHY CREECH | Thursday, July 01, 2021, 12:58 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COURT OF COMMON PLEAS OF PHILADELPHIA**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

*Filed and Attested by the
Office of Judicial Records
01 JUL 2021 12:58 pm
S. RICE*

| | |
|---|---|
| KEVIN SIZER,<br>1027 Wakeling St.<br>Philadelphia, PA 19124,        : <br>       Plaintiff, : <br>    : <br>      v.       : <br>    : <br> CITY OF PHILADELPHIA<br>   (DEPARTMENT OF PRISONS)<br>7901 State Rd.<br>Philadelphia, PA 19136    : <br>    : <br>    : <br>       Defendant. : <br>    : | **MAJOR NON-JURY**<br><br>_____ JULY _____ TERM, 2021<br><br><br>NO: _____ |

**NOTICE TO DEFEND**

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*<br><br>**Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197** | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*<br><br>**Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197** |

CREECH & CREECH LLC
By: TIMOTHY P. CREECH, ESQ. (81728)
1835 Market St., Suite 2626
Philadelphia, PA 19103-3699
 (215) 575-7618; Fax: (215) 575-7688
Timothy@CreechandCreech.com                *Counsel for Plaintiff*

### COURT OF COMMON PLEAS OF PHILADELPHIA
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN SIZER<br>1027 Wakeling St.<br>Philadelphia, PA 19124, | : <br> : <br> : | **MAJOR NON-JURY** |
| Plaintiff, | : : | _____JULY_____TERM, 2021 |
| v. | : : | NO: _____ |
| CITY OF PHILADELPHIA<br>  (DEPARTMENT OF PRISONS)<br>7901 State Rd.<br>Philadelphia, PA 19136 | : <br> : <br> : <br> : | |
| Defendant. | : : | |

### COMPLAINT

Plaintiff, Kevin Sizer, by and through his undersigned attorneys, files the within Complaint and avers as follows:

## I.    PARTIES, JURISDICTION & VENUE

1.    Plaintiff, Kevin Sizer, is an adult individual domiciled at the above-captioned address.

2.    Defendant, City of Philadelphia (the "City"), is the legal entity subject to jurisdiction of this Court.  The Department of Prisons ("Prisons") is the department in the City of Philadelphia relevant to this Complaint.

3.    This Court has jurisdiction over claims brought pursuant to 42 U.S.C. §1983 ("§1983"); and the Constitution of the Commonwealth of Pennsylvania, Art. I §7; and the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (the "FLSA").

Case ID: 210602488

4.      Venue is appropriate in this Court because the action is against the City of Philadelphia.

5.      This case arises out of a 30 day suspension and demotion resulting from a certain Facebook post.  The date of the formal disciplinary hearing was July 11, 2019.  The effective date of the suspension was September 9, 2019.  The effective date the demotion was October 8, 2019.  The Civil Service Commission ("CSC") denied Plaintiff's appeal on June 25, 2021.

6.      As set forth herein, it was a violation of Plaintiff's First Amendment rights to discipline him for his speech made in a Facebook post.  The speech was about a matter of public concern, made on his own time, and in no way connected to his official duties.

## II.     FACTUAL ALLEGATIONS

### A.      Context of the Facebook Post and Unpaid Wages.

7.      Plaintiff was hired as a correctional officer by Prisons in 2006

8.      In 2009, Plaintiff was promoted to Correctional Sergeant.

9.      In 2013, Plaintiff was promoted to Correctional Lieutenant.

10.     In March 2019, the City began using a payroll system known as "OnePhilly."

11.     The OnePhilly payroll system miscalculated checks, failed to account for overtime, inaccurately accrued sick-time and vacation accruals, and shorted many City employees of pay.

12.     Plaintiff, himself, did not receive timely payment for the wages he earned as a result of failures in the OnePhilly system.

13.     However, Plaintiff does not have the records to show precisely how many hours were worked, what overtime was unpaid and what overtime was untimely paid.  Such information will be made available in discovery in this matter.

14.     The OnePhilly payroll system failure was a matter of great public concern

2

Case ID: 210602488

15.    The scope of the payroll system failure was enormous.  It caused several employees to file individual and collective actions against the City for FLSA violations.  *See e.g.*, *Johnson v. Phila.*, E.D. PA No: 19-4264, Dkt. #1 (FLSA collective action for certain correctional officers); *Fraternal Order of Police, Lodge No. 5 v. Phila.*, E.D. PA No: 19-5113 (FLSA collective action for all uniformed employees in the City Police and Sheriff's Departments.") *Adeshigbin v Phila.* E.D.PA No: 19-6079, (FLSA collective action brought "on behalf of all non-exempt employees, excluding correctional guards, fire protection employees, and law enforcement employees" for flawed OnePhilly payroll system.

16.    Further proof that the OnePhilly payroll system failure was a matter of great public concern is found in newspaper articles and television press.  *See e.g.*, https://www.inquirer.com/news/philadelphia-payroll-unions-onephilly-lawsuit-paychecks-corrections-20190924.html. (9/24/2019 Inquirer article relating to errors on thousands of employees paid); https://www.nbcphiladelphia.com/news/local/philly-controller-calls-for-halt-to-132m-project-after-flaws-found-in-payroll-system/2445398/ (6/24/2020 NBC 10 News story on 300,000 hours of improperly accounted time).

**B.     The Protected Speech.**

17.    Plaintiff is a member of the relevant Union for Prisons employees.

18.    Lieutenants are not "management employees" under the relevant collective bargaining agreement.

19.    A Facebook page called "Philadelphia Corrections United" is used by Prisons union members to discuss matters of concern to Prisons employees.

20.    Plaintiff initiated a "thread" on the Facebook page respecting the OnePhilly payroll failures.  The full text of Plaintiff's statement that began this thread was as follows:



Kevin Sizer ▸ Philadelphia Corrections United
Monday at 9:34 AM · 🔒

A rally would be nice .

3

Case ID: 210602488

21.     Plaintiff made no other comment on this thread.

22.     Plaintiff did not "like" or in any other way respond to any post suggesting, condoning or encouraging illegal activity.

23.     At no point did Plaintiff suggest, or intend to suggest, any unlawful activity on the Facebook thread.

**C.     Plaintiff Lacked Knowledge of the Suggestion of an Unlawful "Job Action."**

24.     In *subsequent* posts on Facebook, certain officers suggested a "job action" in response to the OnePhilly system.

25.     A job action is a coordinated attempt to thwart the activities of an employer short of a strike.

26.     It is unlawful for Prisons employees to strike.

27.     Plaintiff did not wish to see any job actions.  As a correctional Lieutenant, Plaintiff understands the burden it places on officers to have to work without being relieved from duty.

28.     Defendant failed and refused to use the original Facebook posts from a computer in investigating the "job action" statements on the Philadelphia Corrections United Facebook page. Instead, it used printouts of several screenshots from Facebook.

29.     The printouts were not clear as to which post related to which thread.  As a result, it is not clear which or how many "job action" posts appeared on the thread created by Plaintiff and which "job action" posts appeared on other threads.

30.     Plaintiff did not see or otherwise have any knowledge of any "job action" post until after he was notified he would be disciplined for his post stating "A rally would be nice."

4

Case ID: 210602488

**D.      Plaintiff Had the Right to Call for a Rally.**

31.      No law; rule of  Prisons; or other regulation of the City prohibits any employee from participating in a rally, including but not limited to Correctional Officers, Correctional Sergeants and Correctional Lieutenants.

32.      Employees of the City have a First Amendment right to rally on their own time.

33.      Employees of the City have the First Amendment right of assembly.

34.      Employees of the City have the First Amendment right to petition their government for the redress of grievances.

35.      Plaintiff had a First Amendment right to state "A rally would be nice."

36.      Plaintiff's statement was made when he was off-duty.

37.      Plaintiff's statement was not made in his official capacity as a Lieutenant.

38.      No part of Plaintiff's job duties as Correctional Lieutenant include paying employees or the OnePhilly system, assuring proper payment of wages or otherwise relate to the payroll system.

39.      No part of Plaintiff's job duties include monitoring Facebook threads.

40.      In fact, it is a violation of Plaintiff's responsibilities to check Facebook while on duty as a Correctional Lieutenant.

41.      Defendant swept Plaintiff up in a "guilt by association" simply because Plaintiff expressed himself consistent with his First Amendment rights.

**E.      The Unlawful Discipline**

42.      On July 11, 2019, a formal disciplinary hearing was held against Plaintiff.

43.      Shortly thereafter, the following charges (the "Charges") were sustained against him:

**Violation of General Orders/Policies: 01, 05, 36, and 3.B.11**

Lieutenant Sizer, as indicated in your social media posts, you had knowledge of a job action against the Philadelphia Department of Prisons and by your overt action in responding to subordinates (see your comment below) took no action as a supervisor to intervene or

Case ID: 210602488

inform of the impending job action to the Commissioner via appropriate channels as required per policy.

Lieutenant Sizer, on your social media posts, you replied, "A rally would be nice."

Your post demonstrated you had knowledge of the plans for a job action and, instead of using your authority to transmit the information, you chose not to transmit the information and instead showed support.

A formal disciplinary hearing was held on Thursday, July 11, 2019 at which the Board sustained the violation of General Order(s)/Policy 01, 05, 36 and 3.B.11. A demotion was also recommended.

All correctional and civilian staff of the Philadelphia Department of Prisons (PDP) are expected to be knowledgeable of the policies and procedures of the PDP. Staff shall cooperate in maintaining security and good order of the institution at all times. Staff are subject to disciplinary charges for failure to transmit to proper PDP authorities any information received on or off duty which would endanger the safety and security of the institution. It is the policy of the PDP to provide continuous, uninterrupted security and support services for all his facilities in the event of an employee job action.

Therefore, after review of the record, due to the nature of the charges, you are found guilty of violating the above cited General Orders/Policies; and suspended for Thirty Calendar Days with a demotion.

44.     General Orders 01; 05; and 36 do not relate to job actions.

45.     Prisons Policy 3.B.11 provides, pertinent here:

If any management employee knows of an impending job action, that employee is required to inform the Commissioner via appropriate channels.

46.     Lieutenants are not "management employees"; such employees are members of the Union.  Management employees are Captains or higher.

47.     Therefore, on the face of Defendant's own policies, Plaintiff should not have been disciplined *even if* he knew of the "job action" posts.

Case ID: 210602488

48.     In any event, Plaintiff did not know of any "job action" posts until after he first learned he would be disciplined.

49.     The Charges were false in several respects, including but not limited to the following:

a.  The social media posts do not indicate Plaintiff had knowledge of a job action

b.  There was no "overt action in responding to [Plaintiff's] subordinates"; Plaintiff did not respond to subordinates at all. He initiated a post consistent with his First Amendment rights.

c.  Plaintiff had no duty to report the job action even if he saw one because he is not a "management employee."

d.  Plaintiff in no way "demonstrated [he] had knowledge of the plans for a job action"; and he in no way "showed support." His post was not in response to anyone in a thread.

e.  In no way did Plaintiff "chose not to" report the job action plans. Had he been aware of the discussion of a job action, he would have reported it; Plaintiff is a Correctional Lieutenant and understands the great stress it causes correctional officers when their colleagues call out or otherwise refuse to report for duty.

f.  Plaintiff did have knowledge of the policies of Prisons.

g.  Plaintiff did cooperate in maintaining security and the good order of the institution at all times.

h.  Plaintiff in no way attempted to, cooperated in, supported or otherwise knew of any breach of the continuous, uninterrupted security and support services of Prisons.

50.     No one testified that Plaintiff saw the "job action" posts before he learned of the pending charges. There was no admission by Plaintiff or corroboration from anyone that Plaintiff knew or endorsed any illegal activity.

Case ID: 210602488

51.     It is rank speculation and conjecture by Defendant to assert that Plaintiff was aware of any "job action" post before he was notified of the pending charges.

**F.     Plaintiff Suffered Great Harm as a Result of Defendant's Violations.**

52.     As a direct and proximate result of Defendant's violation of Plaintiff's free speech rights, Plaintiff suffered injury.

53.     As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff suffered injury.

54.     Plaintiff is entitled to the recovery of attorney's fees and costs for a successful action to enforce his rights under §1983 and the FLSA.

55.     Defendant  is liable to Plaintiffs for compensatory damages; treble damages, statutory damages; attorney's fees, costs, and equitable remedies.

56.     As a direct and proximate result of Defendant's conduct, Plaintiffs suffered severe injuries, which include but are not limited to:

a)   Lost wages;

b)   Lost back pay;

c)   Lost future wages;

d)   Lost benefits;

e)   Embarrassment and humiliation;

f)   severe emotional distress; and

g)   other damages as described in further detail in this pleading and as will become evident through the course of discovery.

**III.     CAUSES OF ACTION**

<u>**COUNT I**</u>:     **First Amendment Retaliation**

8

Case ID: 210602488

57.     Repeats and realleges paragraphs 1-56 as if set forth at length herein.

58.     Plaintiff is a public employee.

59.     Plaintiff engaged in constitutionally protected conduct, as set forth above and incorporated herein by reference.

60.     Defendant engaged in retaliatory actions sufficient to deter a reasonable person of ordinary firmness from exercising his constitutionally protected rights, as set forth above and incorporated herein by reference.

61.     There is a causal link between the constitutionally protected conduct and the retaliatory action – Defendant's suspension and demotion of Plaintiff was directly in response to Plaintiff's Facebook post stating "A rally would be nice."

62.     Other than "A rally would be nice," Plaintiff made no other relevant Facebook comment, or "like" or other response.

63.     Plaintiff did not even see any other response suggesting illegal activity until after he learned he would face charges for stating "A rally would be nice."

64.     The call for a rally was respecting a matter of public concern.

65.     The call for a rally was made in Plaintiff's own time and in no way connected to his responsibilities as a Correctional Lieutenant.

66.     Defendant was not justified in treating Plaintiff differently from any other member of the general public.

67.     As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered injuries as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment against Defendant, City of Philadelphia, in an amount greater than $50,000; including all monetary damages available under the applicable laws; plus

9

Case ID: 210602488

statutory damages available under the applicable laws; plus all equitable relief; plus attorney's fees and costs; plus such other relief as this Court deems just and proper.

**COUNT II:**   **Pennsylvania Constitution**

68.      Repeats and realleges paragraphs 1-67 as if set forth at length herein.

69.      Article I §7 of the Pennsylvania Constitution protects freedom of speech.

70.      Plaintiff is a public employee.

71.      Plaintiff's speech was respecting a matter of public concern, as set forth above and incorporated herein by reference.

72.      Defendant engaged in retaliatory action sufficient to deter a reasonable person of ordinary firmness from exercising his constitutionally protected rights, as set forth above and incorporated herein by reference.

73.      There is a causal link between the constitutionally protected conduct and the retaliatory action, as set forth above and incorporated herein by reference.

74.      As a direct and proximate result of Defendant's misconduct, Plaintiff suffered harm, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment against Defendant, City of Philadelphia, in an amount greater than $50,000; including all monetary damages available under the applicable laws; plus statutory damages available under the applicable laws; plus all equitable relief; plus attorney's fees and costs; plus such other relief as this Court deems just and proper.

**COUNT III:**  **Failure to Pay Wages and Overtime– FLSA**

75.      Repeats and realleges paragraphs 1-74 as if set forth at length herein.

Case ID: 210602488

76.     Defendant failed to promptly pay Plaintiff his wages.

77.     Defendant failed to provide Plaintiff with documentation showing his hours worked.

78.     Plaintiff is a non-exempt employees and entitled to overtime pay for work greater than forty (40) hours per week.

79.     Defendant failed to pay Plaintiff overtime.

80.     At times relevant to the failure to pay wages, Plaintiff was working great amounts of overtime hours; given the context of his job duties and the time he dedicated to Prisons, he was unable to keep track of how many hours he worked and what was unpaid.  Such information may be adduced through discovery in this matter.

81.     Defendant's failure to pay wages and overtime was a willful, deliberate decision and known to be contrary to law.

82.     As a direct and proximate result of Defendant's misconduct, Plaintiff suffered injury as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment against Defendant, City of Philadelphia, in an amount greater than $50,000; including all monetary damages available under the applicable laws; plus statutory damages available under the applicable laws; plus all equitable relief; plus attorney's fees and costs; plus such other relief as this Court deems just and proper.

Respectfully submitted,

CREECH & CREECH LLC

/s/ Timothy P. Creech
TIMOTHY P. CREECH (PA Bar. #: 81728)

DATED:     July 1, 2021

11

Case ID: 210602488

**VERIFICATION**

I, KEVIN SIZER, state that I am the Claimant in this action.  Pursuant to 18 Pa.C.S. §4904, I declare under penalty of perjury that the factual allegations in the foregoing COMPLAINT are true and correct.

Kevin Sizer (Jul 1, 2021 12:20 EDT)

KEVIN SIZER

Jul 1, 2021

DATED: _____

Exhibit "B"

CREECH & CREECH LLC
By: TIMOTHY P. CREECH, ESQ. (81728)
1835 Market St., Suite 2626
Philadelphia, PA 19103-3699
(215) 575-7618; Fax: (215) 575-7688
Timothy@CreechandCreech.com          *Counsel for Plaintiff*

## COURT OF COMMON PLEAS OF PHILADELPHIA
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN SIZER, | : | **MAJOR NON-JURY** |
| Plaintiff, | : | |
| | : | JULY TERM, 2021 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | NO: 002488 |
| (DEPARTMENT OF PRISONS) | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>AFFIDAVIT OF SERVICE</u>

TIMOTHY P. CREECH, ESQ., certifies that he caused a true and correct copy of the

Plaintiff's Complaint to be sent on this date *via* email to the following:

City of Philadelphia
Law Department
1515 Arch Street, 16th Floor,
Philadelphia, PA 19102
City_Closure_Complaints@phila.gov

CREECH & CREECH LLC


/s/ Timothy P. Creech
TIMOTHY P. CREECH

DATED:      July 2, 2021