IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN SIZER, : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-3051 |
| : | |
| CITY OF PHILADELPHIA : | |
| (DEPARTMENT OF PRISONS), : | |
| Defendant. : | |

## MEMORANDUM OPINION

This suit arises out of the demotion of Plaintiff Kevin Sizer, who works for the Defendant City of Philadelphia as a correctional officer in its Department of Prisons. Sizer alleges that he was demoted for writing a Facebook post in response to revelations that OnePhilly, the City's new payroll system, miscalculated and underpaid numerous City employees such as himself. Plaintiff also alleges that he was not properly compensated for overtime as a result of the OnePhilly system failures. He brings this action for violation of the First Amendment of the United States Constitution, pursuant to 42 U.S.C. §1983; for violation of Article I, Section 7 of the Pennsylvania Constitution; and for failure to pay wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et.seq*. For the reasons that follow, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be denied as to Plaintiff's First Amendment claim and granted as to Plaintiff's Fair Labor Standards Act ("FLSA") claim. The FLSA claim shall be dismissed with leave to amend. As for Plaintiff's Article I, Section 7 claim, the claim for monetary damages will be denied, but the claim will be permitted to proceed insofar as it requests equitable relief.

1

I.     **FACTUAL ALLEGATIONS**

The City of Philadelphia Department of Prisons ("Prisons") hired Plaintiff as a correctional officer in 2006. Plaintiff was promoted twice: once to Sergeant in 2009, and another time to Lieutenant in 2013. The City then demoted Plaintiff in 2019, allegedly in light of a statement he made about the City's "OnePhilly" payroll system.

The City introduced the OnePhilly payroll system in March 2019. According to Plaintiff, the new system "miscalculated checks, failed to account for overtime, inaccurately accrued sick-time and vacation accruals, and shorted many City employees of pay." Plaintiff alleges that he himself did not receive timely wages and overtime as a result of the failures of the system. Shortfalls of the new system became the subject of both local and national news outlets, such as *The Philadelphia Inquirer* and NBC. Accounts of thousands of deficient paychecks also spurred a number of lawsuits against Defendant around the same time.

It was in the heat of this turmoil that Plaintiff—in an off-duty moment—initiated a "thread" on a Facebook page open to current and former corrections officers in which he wrote, "A rally would be nice." Plaintiff claims that he wrote the post in response to news about the OnePhilly system failures. He made no other comment on the thread and did not "like" or respond to any other comment that appeared on the thread after his own post.

In subsequent posts on the thread, other officers called for a "job action." Shortly thereafter, the City suspended and subsequently demoted Plaintiff for allegedly violating numerous Prisons policies, including one requiring management employees to report planned job actions to the Prisons' Commissioner. Plaintiff contends that Defendant demoted him as punishment for his Facebook post, rather than for violation of any Prisons policy.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When analyzing a motion to dismiss, the Complaint must be construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Legal conclusions are disregarded, well-pleaded facts are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief." *Id.* at 210-11.

## III. DISCUSSION

### A. Retaliation Under First Amendment

Plaintiff's first cause of action is for retaliation under the First Amendment of the United States Constitution. To sufficiently allege a First Amendment retaliation claim under 42 U.S.C. §1983 a plaintiff must allege: "'(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.'" *Starnes v. Butler Cnty. Ct. of Common Pleas*, *50th Jud. Dist.*, 971 F.3d 416, 429 (3d Cir. 2020) (quoting *Mirabella v. Villard*, 853 F.3d 641, 649 (3d Cir. 2017)). "'A public employee's statement is

3

protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public.'" *Starnes*, 971 F.3d at 429 (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 241-42 (3d Cir. 2006)).  Defendant only dispute is with whether Plaintiff's speech involved a matter of public concern.[1]

A public employee's statement is protected when it involves a matter of public concern. *Starnes*, 971 F.3d at 429.  Activity involves matters of public concern "when it can 'be fairly considered as relating to any matter of political, social, or other concern to the community,' or when it 'is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public.'"  *Snyder v. Phelps*, 562 U.S. 443, 453 (2011) (citations omitted).  By contrast, activity does not involve a matter of public concern when it relates solely to "mundane employment grievances." *Munroe v. Cent. Bucks Sch. Dist.*, 805 F.3d 454, 467 (3d Cir. 2015), as amended (Oct.  25, 2019) (citation omitted).  Whether an employee's speech involves public concern is determined by reference to the speech's "content, form, and context," *Lane v. Franks*, 573 U.S. 228, 241 (*quoting Connick v. Myers*, 461 U.S. 138, 147-48 (1983)), which encompasses "the employee's motivation as well as whether it is important to our system of self-government that the expression take place." *Munroe*, 805 F.3d at 467 (citations omitted).

---

[1] Defendant argues that Plaintiff's retaliation claim should be dismissed because it does not meet the requirements of the *Pickering* balancing test.  *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205*, *Will Cnty., Illinois*, 391 U.S. 563 (1968).  Under that test, a court must arrive at a "balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id*. at 568.  This analysis, however, is generally inappropriate at the pleadings stage, in that discovery is required by the parties to enable the court to engage in a "fact-sensitive" weighing of interests.  *Bd. of Cnty. Comm'rs v. Umbehr*, 518 U.S. 668, 677 (1996).

Plaintiff argues that his Facebook post involved a matter of public concern because it was made in response to news about the OnePhilly payroll failures, which he notes were widely publicized by the media,[2] and which were the subject of several lawsuits filed against the City. Defendant, on the other hand, characterizes Plaintiff's statement as a "personal grievance" that falls outside of the protection of the First Amendment.

Specifically, Defendant argues that the content of Plaintiff's speech is not worthy of protection because it merely relates to the mundane "day-to-day minutiae" of employment by the City. *See De Ritis v. McGarrigle*, 861 F.3d 444, 455 (3d Cir. 2017). Specifically, the City characterizes Plaintiff's post as taking issue with "problems with timecards and paychecks [which] are commonplace in all forms of both hourly and salaried employment and do not impact the normal functions or safety of society merely through their existence."

Taking Plaintiff's allegations to be true (as one must at this stage of the proceedings), however, the OnePhilly incident was not merely an ordinary, "day-to-day" payment mishap. As alleged in the Complaint, "the scope of the payroll system failure was enormous" and involved "errors on [paychecks of] thousands of employees." The incident was apparently large enough to capture the attention of numerous local and national news publications—a fact which, while not dispositive, tends to show that the statement involves a matter of public concern. *See Rankin v. McPherson*, 483 U.S. at 386 (finding statement about attempted assassination that "came on the heels of a news bulletin" about it to be a matter of public concern). The OnePhilly incident

---

[2] Defendant argues that Plaintiff has not provided "evidence that the media links and references in his Complaint [about the OnePhilly incident] had any relation whatsoever to his Facebook post." But Defendant's arguments about the evidence—or lack thereof—at this stage are premature. At the motion to dismiss stage, Plaintiff's allegations are taken as true. *Fowler*, 578 F.3d at 210.

also spurred numerous lawsuits by unions about incorrect paychecks, missing overtime pay and inaccurate tax withholdings. Plaintiff's allegations thus cannot—at this early stage of the litigation—properly be characterized as responsive to just "day-to-day" paycheck errors.

In addition, the form of Plaintiff's post indicates that it did not reflect a mere "personal grievance." By writing that "a rally would be nice," Plaintiff does not complain about his own personal paycheck or state of affairs. *Cf. De Ritis*, 861 F.3d at 455-56 (finding that statements such as "*I'm* being punished" and "Apparently, *I'm* taking too many cases to trial" were not matters of public concern because they addressed only plaintiff's own employment situation) (emphasis in original). Rather, Plaintiff stated that it would be "nice" for there to be a rally, which, by definition, involves the public assembly of a group of people for a cause. *Rally,* Collins Dictionary, https://www.collinsdictionary.com/dictionary/english/rally ("a large public meeting that is held in order to show support for something such as a political party.")

Defendants argue that because Plaintiff's initial post was followed by "numerous other comments from corrections officers complaining of Prisons officials' alleged disrespect of employees, stagnant pay, untimely paychecks, and a union which had not responded to demands for action," Plaintiff's post relates to unprotected personal grievances. But Plaintiff alleges in his Complaint that he made no other comment on the thread he initiated, nor did he "'like' or in any other way respond to any post" subsequent to his own. Taking Plaintiff's allegations to be true, he wrote his initial post in response to the OnePhilly scandal; that others (allegedly outside of his control) may have used the thread as a platform to air personal grievances is not relevant to whether his post involves a matter of public concern. *See Connick*, 461 U.S. at 149 (finding one statement in a survey to involve a matter of public concern despite its being surrounded by others

not involving matters of public concern).

Defendants argue that the context in which Plaintiff made his statement shows that it does not involve a matter of public concern because it was made "in a closed Facebook group available only to current and former Philadelphia Department of Prisons corrections officers . . . solely for the benefit of PDP's past and present employees." Defendants argue that, unlike plaintiffs who publish their concerns in newspapers, or voice their concerns in a public hearing, the circumstances of Plaintiff's statement do not suggest that the post involved a matter of public concern.

However, it is well-established that "the internal nature of a forum . . . [does not] control[] whether th[e] speech touch[es] upon a matter of public concern." *Johnson v. Lincoln Univ. of Com. Sys. of Higher Educ.*, 776 F.2d 443, 451-52 (3d Cir. 1985) (citing *Givhan v. W. Line Consolidated Sch. Dist.*, 439 U.S. 410, 416 (1979)); *Garcetti v. Ceballos*, 547 U.S. 410, 420 (2006) ("That Ceballos expressed his views inside his office, rather than publicly, is not dispositive"). Because the content, form, and context behind Plaintiff's post indicate that it involved a matter of public concern, Defendant's Motion to Dismiss Plaintiff's First Amendment claim is denied.

### B. Retaliation Under Article I, Section 7 of the Pennsylvania Constitution

Plaintiff's second cause of action is for damages and "all equitable relief" available under Article I, Section 7 of the Pennsylvania Constitution.[3] Plaintiff cannot proceed on his claim for

---

[3] Article I, Section 7 of the Pennsylvania Constitution, "Freedom of Press and Speech; Libels," provides in relevant part: "The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty." Pa. Const. Art. I, § 7.

damages because "neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution." *Jones v. City of Philadelphia*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006); *see also Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687-88 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.") (citing *Jones*, 890 A.2d at 1208) (affirming dismissal of state constitutional claim for damages).

This position has consistently and through to the present been adopted by Pennsylvania state courts, *see Lawson v. Menteer*, 250 A.3d 545 (Pa. Commw. Ct. 2021); *Holmes v. Pa. Dep't of Corr.*, 224 A.3d 459 (Pa. Commw. Ct. 2020); *Battle v. Prison Health Servs.*, 120 A.3d 391 (Pa. Super. Ct. 2015), as well as other courts in this Circuit assessing claims for damages under the Pennsylvania Constitution. *See, e.g., Isaac v. Marsh*, No. 1:20-CV-1993, 2020 WL 6504637, at *5 (M.D. Pa. Nov. 5, 2020); *Carpellotti v. Dep't of Transportation*, No. 16-CV-00998, 2016 WL 11658897, at *1 (W.D. Pa. Nov. 23, 2016). Therefore, to the extent Plaintiff seeks monetary relief under the Pennsylvania Constitution, his request for relief will be denied. However, Plaintiff's claim for equitable relief under the Pennsylvania Constitution, which Defendant has not addressed, may proceed. *See, e.g.*, *Moeller v. Bradford County*, 444 F.Supp.2d 316, 320-21 (M.D. Pa.2006) ("[I]t is well settled that individual plaintiffs may bring suit for injunctive relief under the Pennsylvania Constitution"); *Jones*, 890 A.2d at 1216 ("Other remedies, such as declaratory or prospective injunctive relief . . . are . . . remedies under the Pennsylvania Constitution.").

### C. Failure to Pay Wages and Overtime Under FLSA

Plaintiff next brings a claim for failure to pay wages and overtime under FLSA. Specifically, Plaintiff claims that he was not timely paid as a result of the failures of the OnePhilly payroll system. Defendants argue, among other things,[4] that Plaintiff's Complaint as pleaded is insufficient to state a claim under the standard articulated in *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014).

Under *Davis*, the Third Circuit has required that plaintiffs alleging unpaid overtime under FLSA to plead their claims with heightened specificity. *Davis,* 765 F.3d at 241-44; Jerad T. Whitt, *Welcome to the Working Week: The Minimum Pleading Standard for Unpaid Overtime Claims Under the Fair Labor Standards Act Of 1938*, 84 U. Cin. L. Rev. 1455, 1460 (2016) (explaining that the Third Circuit, along with the First, Second, and Ninth Circuits, has adopted a "stricter pleading standard under FLSA"). A plaintiff need not "identify the exact dates and times that [he] worked overtime"; however, he must provide "sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Davis,* 765 F.3d at 243 (citing with approval *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013)).

First, the Third Circuit requires a plaintiff to allege that he worked forty hours in a given workweek, either as a general matter or at a specific moment in time. *Id.* at 241-43. Here, although Plaintiff alleges that he is "entitled to overtime pay for work greater than forty (40)

---

[4] In its Motion, Defendant makes a number of extraneous arguments related to the fact that Plaintiff is a member of a union that settled a separate OnePhilly FLSA action against Defendant in February 2021. Putting aside the fact that, as Defendant states, "the [settlement] Agreement provides that 'individual bargaining unit members' do not waive claims they have under the FLSA," these arguments need not be addressed because Plaintiff has failed to state a claim upon which relief can be granted.

9

hours per week," he does not state that he either typically worked forty hours per week, or that he ever worked forty hours per week at a specific point in time.  Second, the Third Circuit requires a plaintiff to establish that he worked in excess of the specified or "typical" forty-hour week.  *Id*.  Because Plaintiff has never alleged that he typically, or ever, worked forty hours in a week to begin with, his allegation that he "work[ed] great amounts of overtime hours," fails to meet this test.  Finally, the Third Circuit requires a plaintiff to establish that he was uncompensated for time worked in excess of forty hours.  *Id*.  Here, Plaintiff has alleged that "Defendant failed to pay Plaintiff overtime," but absent a connection to any forty-hour week he actually worked, Plaintiff fails to state a claim under FLSA.  *See id.* at 242 (holding insufficient claims that plaintiffs "'typically' worked between thirty-two and forty hours per week and 'frequently worked extra time'"); *see also McKinney v. Chester Cnty.*, 2021 WL 409975, at *4 (E.D. Pa. Feb. 5, 2021) (dismissing FLSA claim where plaintiff "d[id] not state he worked forty hours in any given week and spent additional hours [working].")  Defendant's Motion will therefore be granted as to Plaintiff's FLSA claim.  The claim will be dismissed with leave to amend.

      An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**
_____
**WENDY BEETLESTONE, J.**